**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **SOLOMONS ONE, LLC,**   * | |
| PLAINTIFF,   * | |
| v.   * | **CASE NO.: PWG-14-627** |
| **CHARLES DONNELLY,** *et al.,*   * | |
| DEFENDANTS.   * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINON AND ORDER**

Solomons One, a Maryland LLC, filed for chapter 11 bankruptcy and then instituted an adversarial action against Defendants Charles Donnelly and Deborah Steffen, who are two of its six members. Stmt. & Concl. 2, ECF No. 1. At issue is an Assignment of Contract Rights ("Assignment") that "purports to assign from Plaintiff to Donnelly . . . certain rights to construct a pier on the Patuxent River adjacent to real property partially owned by Plaintiff." *Id.* Plaintiff challenges the validity of the Assignment by, *inter alia*, seeking in Count 1 "an order declaring that the Assignment was not authorized in accordance with the terms of Plaintiff's operating agreement." *Id.* The parties filed cross-motions for summary judgment in *In re Solomons One*, LLC, 13-24475-TJC, and *Solomons One v. Donnelly*, 13-580-TJC. Bankruptcy Judge Thomas J. Catliota submitted his Proposed Statement of Material Facts Not in Dispute and Proposed Conclusions of Law Granting Summary Judgment to Plaintiff on Count 1 ("Statement and Conclusions"), to this Court pursuant to 28 U.S.C. § 157(c)(1), Fed. R. Bankr. P. 9033, and Loc. Bankr. R. 9033-1. Judge Catliota "concludes that the Assignment was not authorized in accordance with the terms of Plaintiff's operating agreement," such that Plaintiff holds the rights to the pier. Stmt. & Concl. 3. On that basis, the court "grants summary judgment to Plaintiff on

Count 1 and avoids the Assignment, and denies Defendants' motion to dismiss or for summary judgment on that count." *Id.* at 4. Additionally, Judge Catliota dismisses Counts 2, 3, and 4 without prejudice as moot. *Id.* at 20.

Fed. R. Bankr. P. 9033(d) provides that "[t]he district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law *to which specific written objections have been made* in accordance with this rule." (emphasis added). Neither party has filed an objection to the bankruptcy court's findings. *See* Docket; Fed. R. Bankr. P. 9033(b). Failure to file timely written objections to the bankruptcy judge's findings constitutes a waiver of the right to appeal this Court's order adopting the findings. *See In re Nantahala Village, Inc.*, 976 F.2d 876, 880 (4th Cir. 1992).

I have reviewed the bankruptcy court's Statement and Conclusions, to which no objections have been filed, and I have independently reviewed the record. I agree with the findings and the outcome that the bankruptcy court reached. It is, this 14th day of May, 2014 ORDERED that:

1. Judge Catliota's Proposed Statement of Material Facts Not in Dispute and Proposed Conclusions of Law Granting Summary Judgment to Plaintiff on Count 1, ECF No. 1, BE, and HEREBY IS, ADOPTED AS AN ORDER OF THE COURT; and, as stated in the Statement and Conclusions:

    a. Summary judgment IS GRANTED to Plaintiff on Count 1;

    b. Defendants' motion to dismiss or for summary judgment on Count 1 IS DENIED; and

    c. Counts 2, 3, and 4 ARE DISMISSED without prejudice as moot; and

2. The Clerk of the Court shall send copies of this Order to the parties and the United States Bankruptcy Court for the District of Maryland and close this case.

Although Counts 5, 6, 7, and 8 remain pending, I certify under Fed. R. Civ. P. 54(b) that there is no just reason for delaying the entry of judgment on Count 1.

/S/
Paul W. Grimm
United States District Judge

lyb